IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CR. S. 05-00053 DFL |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ELMER STEWART, ) | |
| Defendant. ) | |

On April 20, 2006, in the matter of the <u>United States v. Elmer Stewart</u>, case number CR. S. 05-00053-DFL, this Court sentenced the defendant to a 37-month term of incarceration, a special assessment of $100, and a 60-month term of supervised release following incarceration.  The Court found that the defendant does not have the ability to pay a fine, and the imposition of a fine was waived.  In addition to the standard conditions of supervised release, the Court adopted the special conditions recommended by the probation officer.  The Court also recommended that the defendant participate in the 500-hour substance abuse treatment program offered by the Bureau of Prisons.  Finally, the Court recommended that the defendant be incarcerated in a California institution, but only insofar as the recommendation accords with security classification and space availability.

The Court makes the following factual findings with regard to the defendant's sentence:

1. Defendant Elmer Stewart appeared for Judgment and Sentencing before this Court on April 20, 2006.

1

2.  The United States admitted to the Court that it would not be able to prove at trial beyond a reasonable doubt that the approximately three grams of cocaine base found in the pocket of the defendant's flannel shirt located in his bedroom closet was for distribution.  It is arguable that the cocaine base found in the defendant's possession was for his own personal use, given his drug history.  For this reason, the three grams of cocaine base were not included in the drug quantity used to calculate the defendant's sentence under the advisory United States Sentencing Guidelines.
3.  The drug quantity used to calculate the defendant's sentence was 19.33 grams of cocaine base.  This quantity is consistent with the amount used to calculate the sentence of the co-defendant in this case, Theodore Stovall.
4.  The base offense level for 19.33 grams of cocaine base is 26, pursuant to U.S.S.G. § 2D1.1(c)(7).
5.  Three levels were subtracted from the base offense level for the defendant's acceptance of responsibility, pursuant to U.S.S.G. §§ 3E1.1(a), (b).  Under this calculation, the base offense level is 23.
6.  Two levels were subtracted from the base offense level of 23 pursuant to the "safety valve" provision of U.S.S.G. § 2D1.1(b)(7), the defendant having met all the criteria as set forth in subdivisions (1)-(5) of subsection (a) of U.S.S.G. § 5C1.5.
7.  The defendant's total offense level for sentencing is 21.
8.  The defendant's Criminal History Category is I, pursuant to U.S.S.G. § 4A1.1.

9.  The advisory Sentencing Guideline range for Defendant Elmer Stewart is 37-46 months incarceration.

IT IS SO ORDERED.

DATED: April 21, 2006

/s/ David F. Levi
HONORABLE DAVID F. LEVI
CHIEF UNITED STATES DISTRICT JUDGE